David Yan (DY2343)
Law Offices of David Yan
136-20 38th Avenue, Suite 11E
Flushing, NY 11354
Tel.: (718) 888-7788

*Attorney for the Plaintiffs and Proposed FLSA*
*Collective Action Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

− − − − − − − − − − − − − − − − − − − − − − − − − − − − − X

**ZEXIN ZHANG and YUNJIE LI,** *individually*
*and on behalf of all others similarly situated,*

|  |  |
|---|---|
| | Case No.: 1:17-cv-08549 |
| | Date Filed: 11/05/2017 |

Plaintiffs,   **COMPLAINT**

v.   **FLSA COLLECTIVE ACTION**

**KEITH NG, GUOPING CHEN and KONGPING**
**CHEN,** as shareholders and corporate officers, and    ECF
**LAN XUAN CORP. d/b/a OUR PLACE CHINA**
**CHALET,**    JURY TRIAL DEMANDED

Defendants.

− − − − − − − − − − − − − − − − − − − − − − − − − − − − − X

Plaintiffs ZEXIN ZHANG and YUNJIE LI (hereinafter referred to as "Plaintiffs"),

individually and on behalf of all others similarly situated, *by and through their undersigned*

*counsel*, DAVID YAN, ESQUIRE, file this Complaint against defendants KEITH NG,

GUOPING CHEN and KONGPING CHEN, as shareholders and corporate officers, and LAN

XUAN CORP. d/b/a OUR PLACE CHINA CHALET (hereinafter sometimes referred to

collectively as "Defendants"), and allege as follows:

**INTRODUCTION**

1.    This action is brought by Plaintiffs, individually and on behalf of all others

similarly situated employees against Defendants for alleged violations of the Federal Labor

Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL),

1

arising from the Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Plaintiffs, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

3.     Defendants refused to record all of the time that Plaintiffs and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

4.     Plaintiffs alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants:  (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid "out-of-pocket" costs and expenses of purchasing, maintaining, repairing and keeping the Plaintiffs' bicycles / electric bicycles or any other trade tools in working conditions for the sole benefit of the Defendants, (4) liquidated damages, (5) post-judgment interest, and (6) costs, expenses, and attorneys' fees.

5.     Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL") § 650 *et seq.* and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR"), the Wage Theft Prevention Act, and the orders of the New York Commissioner of Labor ("spread of hours order" and "overtime wage order" respectively codified at 12 N.Y.C.R.R. §§ 142-2.2, 2.4), they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid "spread of hours", (4) up to five thousand dollars ($5,000.00) per Plaintiff for the Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (5) up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a

paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and the net wages for each pay day, (6) unpaid "out-of-pocket" costs and expenses of purchasing, maintaining, repairing and keeping the Plaintiffs' bicycles / electric bicycles or any other trade tools in working conditions for the sole benefit of the Defendants, (7) liquidated damages and/or civil penalties equal to the percentage of the sum of unpaid minimum wages, unpaid overtime wages, and unpaid "spread of hours" premium, in the amount of twenty five percent under the NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under New York Wage Theft Prevention Act, (8) prejudgment and post-judgment interest, and (9) costs, expenses, and attorneys' fees.

6.      Plaintiffs now bring this action on behalf of themselves and other similarly situated individuals for the relief stated above.  Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## <u>JURISDICTION AND VENUE</u>

7.      This Court has original federal question jurisdiction over this controversy pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343.

8.      This Court has supplemental jurisdiction over this controversy under the New York Labor Law pursuant to 28 U.S.C. § 1367(a), as they are so related in this action within such original federal question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct businesses in this judicial District, and a substantial parts of the acts and/or omissions giving rise to the claims herein alleged occurred in this judicial District.

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### Plaintiffs

11.     Plaintiffs are former employees of Defendants KEITH NG, GUOPING CHEN, KONGPING CHEN, and LAN XUAN CORP. d/b/a OUR PLACE CHINA CHALET located at 242 East 79th Street, New York, NY 10075 (the "Defendants").

12.     Throughout the course of their employment, Plaintiffs regularly worked at least 43 hours a week up to more than 57 hours a week for wages that fell below the legal minimum wage and without receiving the overtime premiums required by law.

13.     Plaintiff ZEXIN ZHANG ("ZHANG") was employed by KEITH NG, GUOPING CHEN, KONGPING CHEN, and LAN XUAN CORP. d/b/a OUR PLACE CHINA CHALET located at 242 East 79th Street, New York, NY 10075 from approximately Sunday, January 2, 2011 to Sunday, May 7, 2017 as a deliveryman. During his employment with defendants, he generally worked on the following days: (1) From January 2, 2011 to July 29, 2015, he worked rotating shifts every other weeks (if the first week he worked on the morning shift then he would have to work on the night shift the following week): (a) when he worked night shifts, he worked from 11:00 a.m. to 10:30 p.m. on Monday, Tuesday, Wednesday and Saturday per week, and then Friday and Sunday from 5:00 p.m. to 10:30 p.m., with Thursday off; (b) when he worked morning shifts, he worked from 11:00 a.m. to 9:00 p.m. on Monday, Tuesday, Wednesday and

Saturday per week, and then Friday and Sunday from 5:00 p.m. to 10:30 p.m., with Thursday off; (c) during this period of time, he was paid $30 per day for the full day work and $15 per day for the half a day work, minus $2.50 per meal for two meals (for half a day work) or three meals (for full day work) without regard whether he actually took any meal or not; (2) From July 30, 2015 to May 7, 2017, he worked three full days and three half a days per week:  (a) from 11:00 a.m. to 10:30 p.m. on Tuesday, Wednesday, and Saturday and then 5:00 p.m. to 10:30 p.m. on Monday, Friday, and Sunday, and off Thursday; (b) during this period of time, he was paid $60 for the full day work and $30 per day for the half a day work, minus $2.50 per meal for two meals (for half a day work) or three meals (for full day work) without regard whether he actually took any meal or not.  Although he was charged $2.50 per meal, he could only have a meal for less than 10 minutes a time (which was not guaranteed and was skipped frequently).  Other than the meal time, he did not have any break during his work day and had to do side work continuously at least for 3 hours a day in addition to his delivery work.

14.    Plaintiff YUNJIE LI ("LI") was employed by KEITH NG, GUOPING CHEN, KONGPING CHEN, and LAN XUAN CORP. d/b/a OUR PLACE CHINA CHALET located at 242 East 79th Street, New York, NY 10075 from approximately Sunday, April 6, 2014 to Sunday, April 30, 2017 as a deliveryman.  During his employment with defendants, he generally worked on the following days:  (1) From April 6, 2014 to July 29, 2015, he worked rotating shifts every other weeks (if the first week he worked on the morning shift then he would have to work on the night shift the following week):  (a) when he worked night shifts, he worked from 11:00 a.m. to 10:30 p.m. on Wednesday, Thursday, and Friday per week, and then Monday and Saturday from 5:00 p.m. to 10:30 p.m., with Tuesday off; (b) when he worked morning shifts, he worked from 11:00 a.m. to 9:00 p.m. on Wednesday, Thursday, and Friday per week, and then Monday and

Saturday from 5:00 p.m. to 10:30 p.m., with Tuesday off; (c) during this period of time, he was

paid $30 per day for the full day work and $15 per day for the half a day work, minus $2.50 per

meal for two meals (for half a day work) or three meals (for full day work) without regard

whether he actually took any meal or not; (2) From July 30, 2015 to April 30, 2017, he worked

three full days and three half a days per week:  (a) from 11:00 a.m. to 10:30 p.m. on Wednesday,

Thursday, and Friday and then 5:00 p.m. to 10:30 p.m. on Monday, Saturday, and Sunday, and

off Tuesday; (b) during this period of time, he was paid $60 for the full day work and $30 per

day for the half a day work, minus $2.50 per meal for two meals (for half a day work) or three

meals (for full day work) without regard whether he actually took any meal or not.  Although he

was charged $2.50 per meal, he could only have a meal for less than 10 minutes a time (which

was not guaranteed and was skipped frequently).  Other than the meal time, he did not have any

break during his work day and had to do side work continuously at least for 3 hours a day in

addition to his delivery work.

## **DEFENDANTS**

15.    Upon information and belief, defendant LAN XUAN CORP. is a domestic

corporation, duly organized and existing under the laws of the State of New York on July 15,

2010 with a principal place of business located at 242 East 79th Street, New York, NY 10075.

16.    Upon information and belief, defendant LAN XUAN CORP. is doing business as

OUR PLACE CHINA CHALET restaurant located at 242 East 79th Street, New York, NY

10075.

17.    Upon information and belief, at all relevant times, the defendant LAN XUAN

CORP. d/b/a OUR PLACE CHINA CHALET was, and continues to be, an "enterprise engaged

in commerce" within the meaning of the FLSA in that they (i) have had employees engaged in

commerce or in the production of goods for commerce and handling, selling or otherwise on

goods or materials that have been moved in or produced for commerce by any person; and (ii) have had an annual gross volume of sales of not less than Five Hundred Thousand Dollars ($500,000.00).

18.    Upon information and belief LAN XUAN CORP. d/b/a OUR PLACE CHINA CHALET purchased and handled goods moved in interstate commerce.

19.    Upon information and belief, defendant KEITH NG is the owner, officer, director and/or Chief Executive Officer of LAN XUAN CORP. d/b/a OUR PLACE CHINA CHALET, owns controlling stock interests of defendant LAN XUAN CORP. d/b/a OUR PLACE CHINA CHALET, has actively participated and continues to actively participate in the day-to-day operations of Defendants and the Defendants' restaurant, has acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203d and Regulations promulgated hereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the Regulations thereunder, and is jointly and severally liable with Defendants.  Defendant KEITH NG is sued individually in his capacity as an employer.

20.    Upon information and belief, at all relevant times, defendant KEITH NG exercised substantial control over the functions of the corporate defendants and their restaurant, managed and made all business decisions including but not limited to have the power to hire and fire Plaintiffs who worked or still are working for defendants, control the Plaintiffs' terms and conditions of employment, supervise the Plaintiffs' work, maintain employment records and determine the rate and method of any compensation paid to Plaintiffs and the number of hours that Plaintiffs would work, is an employer pursuant to the FLSA, 29 U.S.C. § 203d, and regulations promulgated thereunder, 29 C.F.R. § 791.2, the NYLL § 2 and the regulations

thereunder, and is jointly and severally liable with LAN XUAN CORP. d/b/a OUR PLACE
CHINA CHALET, and its restaurant.

21.     Upon information and belief, defendant GUOPING CHEN is the owner, officer,
director and/or Chief Executive Officer of LAN XUAN CORP. d/b/a OUR PLACE CHINA
CHALET, owns controlling stock interests of defendant LAN XUAN CORP. d/b/a OUR PLACE
CHINA CHALET, has actively participated and continues to actively participate in the day-to-
day operations of Defendants and the Defendants' restaurant, has acted intentionally and
maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203d and Regulations
promulgated hereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the Regulations
thereunder, and is jointly and severally liable with Defendants.  Defendant GUOPING CHEN is
sued individually in his capacity as an employer.

22.     Upon information and belief, at all relevant times, defendant GUOPING CHEN
exercised substantial control over the functions of the corporate defendants and their restaurant,
managed and made all business decisions including but not limited to have the power to hire and
fire Plaintiffs who worked or still are working for defendants, control the Plaintiffs' terms and
conditions of employment, supervise the Plaintiffs' work, maintain employment records and
determine the rate and method of any compensation paid to Plaintiffs and the number of hours
that Plaintiffs would work, is an employer pursuant to the FLSA, 29 U.S.C. § 203d, and
regulations promulgated thereunder, 29 C.F.R. § 791.2, the NYLL § 2 and the regulations
thereunder, and is jointly and severally liable with LAN XUAN CORP. d/b/a OUR PLACE
CHINA CHALET, and its restaurant.

23.     Upon information and belief, defendant KONGPING CHEN is the owner, officer,
director and/or Chief Executive Officer of LAN XUAN CORP. d/b/a OUR PLACE CHINA

CHALET, owns controlling stock interests of defendant LAN XUAN CORP. d/b/a OUR PLACE

CHINA CHALET, has actively participated and continues to actively participate in the day-to-

day operations of Defendants and the Defendants' restaurant, has acted intentionally and

maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203d and Regulations

promulgated hereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the Regulations

thereunder, and is jointly and severally liable with Defendants.  Defendant KONGPING CHEN

is sued individually in his capacity as an employer.

24.    Upon information and belief, at all relevant times, defendant KONGPING CHEN

exercised substantial control over the functions of the corporate defendants and their restaurant,

managed and made all business decisions including but not limited to have the power to hire and

fire Plaintiffs who worked or still are working for defendants, control the Plaintiffs' terms and

conditions of employment, supervise the Plaintiffs' work, maintain employment records and

determine the rate and method of any compensation paid to Plaintiffs and the number of hours

that Plaintiffs would work, is an employer pursuant to the FLSA, 29 U.S.C. § 203d, and

regulations promulgated thereunder, 29 C.F.R. § 791.2, the NYLL § 2 and the regulations

thereunder, and is jointly and severally liable with LAN XUAN CORP. d/b/a OUR PLACE

CHINA CHALET, and its restaurant.

25.    At all relevant times, the work performed by Plaintiffs was directly essential to

the businesses operated by Defendants KEITH NG, GUOPING CHEN, KONGPING CHEN, and

LAN XUAN CORP. d/b/a OUR PLACE CHINA CHALET.

26.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs

their lawfully earned wages for all hours worked, minimum wages, overtime compensation and

spread-of-hour premiums; failed to post the required Notice of Pay, to provide an accurate and

valid Time of Hire Notice detailing rates of pay and payday, to provide employees with an accurate and valid pay stubs, and to keep accurate time records in direct contravention of the FLSA, New York Labor Law, and the Wage Theft Prevention Act of New York State.

27.    Plaintiffs have satisfied all conditions precedent to the institution of this action and/or such conditions have been waived.

## COLLECTIVE ACTION ALLEGATIONS

28.    Plaintiffs bring this action individually and as class representative on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants since January, 2011 to the entry of judgment in this case (the "Collective Action Period"), and who where compensated at rates less than the statutory minimum wage or at rates less than time and one-half for all hours worked in excess of forty (40) hours per work week (the "Collective Action Members").

29.    Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than six (6) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because defendants have failed to provide the statutory required notices under the FLSA and the NYLL to them, these Collective Action Members lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

30.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

31.     This action should be certified as a collective action because the prosecution of separate action by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

32.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

33.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

34.     Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF FACTS

35.     Defendants, KEITH NG, GUOPING CHEN and KONGPING CHEN, own and operate LAN XUAN CORP. d/b/a OUR PLACE CHINA CHALET restaurant located at 242 East 79th Street, New York, NY 10075.

36.     The Defendants' restaurant serves food to customers on the premises and provide take-out and delivery service.

37.     The Defendants' restaurant is "restaurant" within the meaning of the New York Labor Law.

38.     Upon information and belief, at all relevant times, and during the course of the employment of the Plaintiffs and the Collective Action Members, Defendants failed to maintain complete and accurate time records.

39.     Upon information and belief, at all relevant times, and during the course of the employment of the Plaintiffs and the Collective Action Members, Defendants knowingly and willfully manipulated time records.

40.     Plaintiffs and Collective Action Members were each employed at the Defendants' restaurant at various times over the last 6 years.

41.     Upon information and belief, at all times relevant to this action, Defendants were employers of Plaintiffs and Collective Action Members within the meaning of the FLSA and the NYLL, 29 U.S.C. § 203(d); N. Y. Lab. Law §§ 2(6); 190(3); 651(6).

42.     Upon information and belief, at all times relevant to this action, Plaintiffs and Collective Action Members have each been employed at the Defendants' restaurant and were Defendants' employees within the meaning of the FLSA and the NYLL.  29 U.S.C. § 203(e); N. Y. Lab. Law § 651(5).

43.    Plaintiffs and Collective Action Members held the position of delivery person while employed by Defendants.  The Plaintiffs and Collective Action Members' primary task was to deliver food from the restaurant premises to locations off the premises, such as customers' homes and places of business.  When not delivering food, Plaintiffs and Collective Action Members were given secondary tasks or side works such as moving and unpacking goods delivered to the restaurant, filling supplies to the shelves, filling beverages to the shelves and refrigerators, preparing sauce packages, packing crackers, peeling green beans, and mopping basement floors.

44.    Plaintiffs and similarly situated employees were required to commit substantial part of their work day in non-tipped work.

45.    Upon information and belief, the non-tipped work of the Plaintiffs and similarly situated employees exceeds two hours or twenty percent (20%) of their workday.

46.    Defendants knew that the nonpayment of minimum wage, overtime pay, and spread of hours pay would financially injure Plaintiffs and similarly situated employees and violate the FLSA and the NYLL and the NYS Wage Theft and Prevention Act.

47.    Defendants failed to keep complete and accurate time records, to post the required Notice of Pay, to provide a Time of Hire Notice detailing rates of pay and payday, and to provide pay stubs to Plaintiffs and similarly situated employees.

48.    Plaintiffs and similarly situated employees have never received notification from Defendants that Defendants are taking tip credits towards the minimum wage and overtime compensation paid to Plaintiffs.

13

49.    Defendants failed to post the required United States Department of Labor and New York State Department of Labor posters regarding pay rates, overtime pay, tip credit, and pay day.

50.    Upon information and belief, at all relevant times, Defendants failed to keep complete and accurate time records of the hours and wages of the Plaintiffs and similarly situated employees in order to avoid liability for their wage violations.

51.    Upon information and belief, at all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice in English and in their primary language (Chinese) reflecting true rates of pay and paydays as well as pay stubs that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, and deductions made from the employee's wages, and allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by the NYLL § 195(1).

52.    Defendants knew that the nonpayment of overtime compensation for every week and nonpayment of the New York's "spread of hours" premium for every day in which Plaintiffs worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

## **Minimum Wage**

53.    Both the FLSA and New York State Labor Law require that employees be paid a minimum wage.  29 U.S.C. § 206; N.Y.Lab. Law § 652.

54.    Plaintiffs and Collective Action Members regularly worked for Defendants at least three full days and three half days a week or forty-three (43) hours per week during most or all of their employment.

55.     Plaintiffs and Collective Action Members received wages of approximately $30 per day minus meals in the amount of $2.50 per meal for full day work or $15 per day minus meals in the amount of $2.50 per meal for half a day work prior to July 29, 2015 and then approximately $60 per day minus meals in the amount of $2.50 per meal for full day work or $30 per day minus meals in the amount of $2.50 per meal for half a day work on and after to July 30, 2015.

56.     At all times relevant to this action, Defendants did not have an accurate time clock that recorded the exact amount of time Plaintiffs and Collective Action Members worked.

57.     At all times relevant to this action, Defendants were supposedly to compensate many or all Plaintiffs and Collective Action Members by paying them weekly.  However, Defendants always delayed the payments for at least half a month, and sometimes for a month.

58.     At all times relevant to this action, many Plaintiffs and Collective Action Members received their wages in part of cash and part of checks.

59.     Defendants did not notify Plaintiffs and Collective Action Members of the minimum wage provisions of the FLSA.

60.     Defendants did not notify Plaintiffs and Collective Action Members of the FLSA tip credit provisions.  Defendants did not notify Plaintiffs and Collective Action Members of Defendants' intention to claim a tip credit against their minimum wage obligations.  Therefore, Defendants were not legally entitled to claim a tip credit under the FLSA in order to meet their minimum wage obligations to Plaintiffs and Collective Action Members.

61.     The weekly wage paid by Defendants to Plaintiffs and Collective Action Members was insufficient to satisfy Defendants' obligation to pay the minimum wage required

by the FLSA.  The wage effectively resulted in an hourly wage that was below the required minimum wages.

62.    The weekly wage paid by Defendants to Plaintiffs and Collective Action Members was insufficient to satisfy Defendants' obligation to pay the minimum wage required by the New York Labor Law.  The wage effectively resulted in an hourly wage that was below the required minimum wages.

### Overtime

63.    The FLSA and New York Labor Law require that Defendants pay an overtime rate of one-and-a-half times the regular rate of pay for each hour of work over forty hours a week. 29 U.S.C. § 207; 12 N.Y.C.R.R. § 137-1.3.

64.    Plaintiffs and Collective Action Members regularly worked at least over forty-three (43) hours each week up to fifty-seven (57) hours each week during most or all of their employment with Defendants.

65.    Despite the fact that Plaintiffs and Collective Action Members regularly worked in excess of forty hours a week, Defendants failed to pay Plaintiffs and Collective Action Members overtime compensation as required by both the FLSA and New York Labor Law.

### Spread of Hours

66.    The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day.  12 N.Y.C.R.R. § 137-3.11.  New York State Labor Regulation § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for each day in which the employee's spread of hours exceeds ten.  *Id.* at § 137-1.7.

67.     Plaintiffs and Collective Action Members routinely worked a "spread of hours" greater than ten hours per day.

68.     Despite the fact that Plaintiffs and Collective Action Members routinely worked a "spread of hours" greater than ten hours per day, Defendants did not pay Plaintiffs and Collective Action Members any additional compensation as required by New York State regulations.

**Lack of Reimbursement**

69.     The FLSA and New York Labor Law prohibit employers from requiring minimum wage employees to purchase the tools of their trade or give any money back to their employers.  29 U.S.C. § 201 *et seq.*; 29 C.F.R. § 531.35; 12 N.Y.C.R.R. § 137-2.5(b).

70.     Defendants required Plaintiffs and Collective Action Members worked as deliverymen to use and maintain bicycles or electric bicycles to make deliveries for the benefit of Defendants' businesses during their course of employment with the Defendants.

71.     All Plaintiffs and Collective Action Members worked as deliverymen as a result of irreparable damage or robbery or accident, had to fully replace their bicycles or electric bicycles on multiple occasions.

72.     Upon information and belief, the electric bicycle cost around one thousand four hundred twenty dollars ($1,420.00) and has a two year life span.

73.     Upon information and belief, the electric bicycle battery cost around four hundred and fifty dollars ($450.00) and has a six month life span.

74.     Upon information and belief, the maintenance and accessories cost of a normal bicycle is around five hundred to six hundred dollars ($500.00 to 600.00) per year.

75.     Defendants never supplied Plaintiffs and Collective Action Members worked as deliverymen with bicycles or electric bicycles, nor did they reimburse those Plaintiffs and

Collective Action Members for any purchase, maintenance, repair or replacement costs according to state and federal labor laws.

<u>**Failure to Post the Notices Required by Law**</u>

76.    The FLSA requires employers to inform employees of the FLSA's wage provisions, including the manner in which the wage for a tipped employee is determined. 29 U.S.C. § 203(m). The FLSA and the NYLL also requires an employer to maintain in the workplace a display containing notices in Chinese language of employees' right to receive the minimum wage and overtime rate of one-and-a-half times their regular rate. 29 C.F.R. § 516.4; 12 N.Y.C.R.R. § 137-2.3.

77.    During the time that Plaintiffs and Collective Action Members were employed by Defendants, Defendants did not maintain in the workplace a display containing notices in Chinese language of employees' right to receive the minimum wage and overtime payment at a rate of one-and-a-half times their regular rate.

78.    Additionally, Defendants failed to display a copy of §§ 193 and 196-d of New York Labor Law regarding the prohibition on illegal deductions from wages and the illegality of employers demanding or accepting any portion of employees' tips in violation of New York Labor Law. N.Y.Lab. Law § 198-d.

79.    Finally, Defendants failed to keep full and accurate, and to certain extent manipulated, records of Plaintiffs and Collective Action Members' hours and wages in violation of the FLSA and New York Labor Law. 29 U.S.C. § 211(c); N.Y.Lab. Law § 661.

<u>**Knowing and Intentional Acts**</u>

80.    At all relevant times, Defendants knowingly, intentionally and willfully committed the acts alleged herein.

81.     At all relevant times, Defendants knowingly and willfully operated their business with a policy and practice of not paying either the FLSA overtime rate (of time and one half) or the New York State overtime rate (of time and one-half) to Plaintiffs and Collective Action Members for work performed over forty (40) hours in a work week.

82.     At all relevant times, Defendants knew that the nonpayment of minimum wage, overtime pay and spread-of-hours pay would financially injure Plaintiffs and Collective Action Members.

83.     At all relevant times, Defendants knowingly and intentionally took unlawful deductions from Plaintiffs and Collective Action Members and knowingly and intentionally required Plaintiffs and Collective Action Members to provide and maintain tools of the trade.

## STATEMENT OF CLAIMS

## COUNT 1

### [Claim for Minimum Wages under the FLSA, 29 U.S.C. §§ 201, *et seq.*]

84.     Plaintiffs and Collective Action Members reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

85.     At all relevant times, upon information and belief, Defendants were and continue to be the Plaintiffs and Collective Action Members' employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

86.     At all relevant times, upon information and belief, Defendants were and continue to be the Plaintiffs and Collective Action Members' employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

87.     Plaintiffs and Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

88.    Plaintiffs and Collective Action Members are entitled to be paid at the rate of minimum wages for their hours worked at and within 40 hours per week.

89.    Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs and Collective Action Members the applicable federal minimum wages for each hour worked, in violation of 29 U.S.C. § 206(a).

90.    At all relevant times, upon information and belief, Defendants had a policy and practice of refusing to pay minimum wages at the applicable federal statutory rate of time to Plaintiffs and Collective Action Members.

91.    At all relevant times, Defendants are not entitled to take tip credit against the Plaintiffs' minimum wage rate due to the Defendants' violations of the NYLL and supporting regulations require employers to notify employees of their intent to apply a tip credit and post a notice conspicuously explaining the employment laws' requirements.  12 N.Y.C.R.R. §§ 142-2.8; and 146-2.1, 2.2.

92.    At all relevant times, Defendants willfully failed and intentionally failed to post the notices required by the NYLL informing Plaintiffs of the requirements of the employment law, or provided information about employment laws' requirements in other forms to Plaintiffs. 12 N.Y.C.R.R. § 142-2.8.

93.    At all relevant times, Defendants willfully failed and intentionally failed to notify Plaintiffs of their intent to apply a tip credit.  12 N.Y.C.R.R. §§ 146-2.1, 2.2.

94.    Defendants also willfully required Plaintiffs and Collective Action Members to provide bicycles and/or electric bicycles for the Plaintiffs' work for the benefits of the Defendants' businesses.  The cost of providing these tools further reduced the Plaintiffs' wages

below the applicable federal minimum hourly wage in violation of the FLSA, 29 U.S.C. § 206(a), and applicable regulations, specifically 29 C.F.R. § 531.35.

95.     Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

96.     Upon information and belief, Defendants failed to make, keep, and preserve records and even manipulate time records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

97.     Alternatively, records, if any, concerning the number of hours worked by Plaintiffs and Collective Action Members and the actual compensation paid to Plaintiffs are in the possession and custody of Defendants.  Plaintiffs and Collective Action Members intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

98.     Due to the Defendants' FLSA violations, Plaintiffs and Collective Action Members are entitled to recover from Defendants, jointly and severally, the amount of any such underpayments of the minimum wages and as a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiffs and Collective Action Members are entitled to the equal amount of the unpaid minimum wages in the form of the liquidated damages pursuant to the FLSA, plus the prejudgment interest thereon, all in an amount to be determined at trial.

99.     Plaintiffs and Collective Action Members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT 2

### [Claim for Minimum Wages under the New York Labor Law]

100.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

101.    At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3), and 651(6).

102.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2(5) and 651(5).

103.    Defendants willfully failed to record, credit, or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652 and applicable regulations.

104.    At all relevant times, Defendants are not entitled to take tip credit against the Plaintiffs' minimum wage rate due to the Defendants' violations of the NYLL and supporting regulations require employers to notify employees of their intent to apply a tip credit and post a notice conspicuously explaining the employment laws' requirements.  12 N.Y.C.R.R. §§ 142-2.8; and 146-2.1, 2.2.

105.    At all relevant times, Defendants willfully failed and intentionally failed to post the notices required by the NYLL informing Plaintiffs of the requirements of the employment law, or provided information about employment laws' requirements in other forms to Plaintiffs. 12 N.Y.C.R.R. § 142-2.8.

106.    At all relevant times, Defendants willfully failed and intentionally failed to notify Plaintiffs of their intent to apply a tip credit.  12 N.Y.C.R.R. §§ 146-2.1, 2.2.

107.    Upon information and belief, at all relevant time, Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Labor Regulations 12 N.Y.C.R.R. § 146-2.1.

108.    At all relevant times, Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiffs.

109.    Defendants also willfully required Plaintiffs to provide bicycles/electric bicycles for their work and pay expenses incurred while carrying out duties assigned by Defendants, in violation of 12 N.Y.C.R.R. § 137-2.5.  The costs and expenses paid by these Plaintiffs further reduced the hourly wages that they were paid.

110.    Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

111.    Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

112.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

113.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, the amount of any such underpayments of the minimum wages and as a direct and proximate result of the Defendants' willful disregard of the New York Labor Law, Plaintiffs are entitled to the liquidated damages and civil penalties

pursuant to New York Labor Law § 663(1), and the New York State Wage Theft Prevention Act, plus the prejudgment interest thereon, all in an amount to be determined at trial.

114.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), et al., and § 198, all in an amount to be determined at trial.

## COUNT 3

**[Claim for Overtime Wages under the FLSA, 29 U.S.C. §§ 201, *et seq.*]**

115.    Plaintiffs and Collective Action Members reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

116.    Throughout the statute of limitations period covered by these claims, Plaintiffs and Collective Action Members regularly worked in excess of forty (40) hours per workweek.

117.    At all relevant times, upon information and belief, Defendants had a policy and practice of willfully failing and refusing to pay Plaintiffs and Collective Action Members one and one-half times of their regular rate of pay or, at a minimum, the minimum wages to which Plaintiffs and Collective Action Members were entitled under 29 U.S.C. § 206(a), for work in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

118.    At all relevant times, upon information and belief, Defendants failed to make, keep, and preserve records as required by the FLSA, and even manipulate time records in violation of the FLSA, even though Plaintiffs and Collective Action Members have been and are entitled to overtime.

119.    At all relevant time, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and Collective Action Members at the required overtime rates, one and one-half times

of the applicable federal minimum wages for hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

120.    Due to the Defendants' FLSA violations, Plaintiffs and Collective Action Members are entitled to recover from Defendants, jointly and severally, the amount of any such underpayments of the overtime wages and as a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiffs and Collective Action Members are entitled to the equal amount of the unpaid overtime wages in the form of the liquidated damages pursuant to the FLSA, plus the prejudgment interest thereon, all in an amount to be determined at trial.

121.    Plaintiffs and Collective Action Members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT 4

### [Claim for Overtime Wages under the New York Labor Law]

122.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

123.    Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

124.    It is unlawful under New York Labor Law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

125.    Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and one-half times of their regular rate of pay or, at a minimum, the minimum wage to which Plaintiff were entitled to receive under New York Labor Law § 652, in violation of 12 N.Y.C.R.R. § 137-1.3.

126.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, the amount of any such underpayments of the overtime wages and as a direct and proximate result of the Defendants' willful disregard of the New York Labor Law, Plaintiffs are entitled to the liquidated damages and civil penalties pursuant to New York Labor Law § 663(1), and the New York State Wage Theft Prevention Act, plus the prejudgment interest thereon, all in an amount to be determined at trial.

127.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), et al., and § 198, all in an amount to be determined at trial.

## COUNT 5

### [Illegal Pay Deductions and Deductions from Gratuities, New York Labor Law §§ 196-d and 198-b]

128.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

129.    Defendants retained portions of the Plaintiffs' tips and distributed them to non-tipped employees.

130.    Defendants retained portions of the Plaintiffs' tips to cover their operations' costs.

131.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, all these portions of the illegal pay deductions and deductions from gratuities, the liquidated damages and civil penalties pursuant to New York Labor Law § 663(1), and the New York State Wage Theft Prevention Act, plus the prejudgment interest thereon, all in an amount to be determined at trial.

132.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), et al., and § 198, all in an amount to be determined at trial.

## COUNT 6

**[Claim for New York Spread of Hours Provisions, New York Labor Law §§ 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7]**

133.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

134.    Plaintiffs regularly worked more than 10 hours in a workday.

135.    Defendants willfully failed and intentionally failed to compensate Plaintiffs one hour's pay at the basic New York minimum hourly wage rate, as required by New York Labor Law.

136.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid "Spread of Hours" wages and as a direct and proximate result of the Defendants' willful disregard of the New York Labor Law, Plaintiffs are entitled to the liquidated damages and civil penalties pursuant to New York Labor Law § 663(1), and the New York State Wage Theft Prevention Act, plus the prejudgment interest thereon, all in an amount to be determined at trial.

137.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), et al., and § 198, all in an amount to be determined at trial.

**COUNT 7**

**[Pay Notices and Wage Statements under NYLL §§ 195(1) & (3)
and §§ 198 (1-b) & (1-d)]**

138.    Plaintiffs reallege and incorporate by reference all allegations and statements in
all preceding paragraphs as if they were fully set forth herein.

139.    Plaintiffs have never received either (a) written notice when they were hired, or
thereafter, specifying their rate of pay, their regular pay day and their overtime rate of pay or
(b) a wage statement when they were paid.

140.    Defendants failed to provide Plaintiffs in writing in English and in the language
identified by each plaintiff as the primary language of such plaintiff at the time of hiring, and on
or before February first of each subsequent year of the plaintiff's employment with the
Defendants, a notice containing the following information: the rate or rates of pay and basis
thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;
allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging
allowances; the regular pay day designated by the employer in accordance with the NYLL § 191;
the name of the employer; any "doing business as" names used by the employer; the physical
address of the employer's main office or principal place of business and a mailing address if
different; the telephone number of the employer; plus such other information as the
commissioner deems material and necessary.

141.    Since April 9, 2011, Defendants failed to furnish each plaintiff with a statement
with every payment of wages, listing rates of pay and basis thereof, gross wages, deductions,
allowances, net wages if any claimed as part of minimum wage, the regular hourly rate of pay if
for employees entitled to overtime pay, the regular hourly rate of pay, the overtime rate of pay,
the number of regular hours worked, and the number of overtime hours worked in violation of

Section 195(3) of the NYLL and the Wage Theft Prevention Act, amended and codified in L.2010, ch. 564 § 3.

142.    As a result of the Defendants' two forms of violation of New York Labor Law §§ 195(1) & (3) and §§ 198 (1-b) & (1-d), Plaintiffs are entitled to recover from Defendants, jointly and severally, the liquidated damages begin to accrue as of April 9, 2011 as defined in Section 198, which would amount to $150.00 ($50.00 for the failure to provide a weekly pay and $100.00 for the failure to provide the notice of pay at the time of hire or thereafter) for each week in which each form of violation occurred or continued, up to a combined total of $5,000.00 per employee, plus the prejudgment interest thereon, all in an amount to be determined at trial.

143.    Effective February 27, 2015, the above stated weekly damage awards of $50.00 per week and $100.00 per week have been amended to daily awards of $50.00 per day and $250.00 per day, with respective ceilings of $5,000.00 each, for a total maximum of $10,000.00. See L.2014 ch. 537, § 2.

144.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), et al., and § 198, all in an amount to be determined at trial.

## COUNT 8

**[Breach of Implied Contract for Reimbursement of all Costs and Expenses of Bicycles/electric Bicycles, including but not limited to Depreciation, Insurance, Maintenance and Repairs]**

145.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

146.    At all relevant times, Defendants never provided Plaintiffs bicycles/electric bicycles or any other trade tools that were in working condition for Plaintiffs to use to deliver

food to the Defendants' restaurant customers on behalf of the Defendants and for the Defendants' benefit.

147.    At all relevant times, Defendants required Plaintiffs to use bicycles / electric bicycles or any other trade tools to make delivery of foods to the Defendants' restaurant customers on behalf of the Defendants and for the Defendants' benefit.

148.    Plaintiffs had to purchase, maintain, repair and keep their bicycles / electric bicycles or any other trade tools in working conditions in order to make fast delivery of foods to the Defendants' restaurant customers on behalf of the Defendants and for the Defendants' benefit.

149.    Plaintiffs can document actual "out-of-pocket" costs and expenses in connection with the purchasing, maintaining, repairing and keeping their bicycles / electric bicycles or any other trade tools in working conditions for the Defendants' benefit.

150.    As a result of the afore-alleged conduct of the parties, an implied contract arose between Plaintiffs and Defendants, the term of which are that Plaintiffs would incur the costs and expenses to purchase, maintain, repair and keep their bicycles / electric bicycles or any other trade tools in working conditions in the course of completing their required duties for Defendants in order to be employed by Defendants as a delivery person for the sole benefit of the Defendants.

151.    Defendants had never compensated Plaintiffs for the "out-of-pocket" costs and expenses to purchase, maintain, repair and keep their bicycles / electric bicycles or any other trade tools in working conditions.

152.    As the result of the Defendants' conduct, Defendants had breached the implied contract so that Plaintiffs are entitled to the reimbursement for such "out-of-pocket" costs and expenses.

153.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs, all in an amount to be determined at trial.

## COUNT 9

**[Fraudulent Concealment from Plaintiffs both the Nature of Their Rights
and Defendants' Violations of Them]**

154.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

155.    Defendants fabricated and manipulated the employees' records, if any, and maintained these false records for the purpose of fraudulent concealment of the Plaintiffs' rights under the FLSA and NYLL.

156.    As a result of the Defendants' material and substantial efforts to make and maintain the false records, Defendants took extensive efforts to conceal from Plaintiffs both the nature of their rights afforded by the FLSA and the NYLL and the Defendants' violation of them.

157.    Defendants have a legal duty separate from the duty to perform under the employment contract, if any, to inform the Plaintiffs their rights under the FLSA and NYLL.

158.    Defendants knowingly and willfully failed to post the FLSA and the NYLL required minimum wage notices.

159.    Although Plaintiffs acted due diligently under the circumstances, Plaintiffs were unaware of their rights to minimum wage and overtime pay absent the posting of notices.

160.    As the result of the Defendants' conduct, Defendants are entitled to tolling of statute of limitations.

161.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs, all in an amount to be determined at trial.

## COUNT 10

### [Corporate Defendant is the Individual Defendants' "Alter Ego"]

162.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

163.    Defendants KEITH NG, GUOPING CHEN and KONG PING CHEN (the "Individual Defendants") used the corporate form itself as a vehicle to defraud Plaintiffs. Individual Defendants knew and should have known the FLSA and NYLL in connection with the employment of the Plaintiffs.  In particular, Defendants were sued by some of their employees before for violating their rights under the FLSA and NYLL.  Individual Defendants, however, still used the corporate form to violate the Plaintiffs' rights under the FLSA and NYLL willfully and intentionally.

164.    The Individual Defendants and defendant LAN XUAN CORP. d/b/a OUR PLACE CHINA CHALET (the "Corporate Defendant") commingled the Defendant's funds for using the Corporate Defendant's funds for the Individual Defendants' personal use and leisure. The Individual Defendants used the Corporate Defendant's funds to pay their travel and luxury life's costs and expenses, which has nothing to do with the Corporate Defendant's businesses and operations.

165.    The Individual Defendants shuttled funds in and out of personal and corporate bank accounts, used corporate funds and property for personal purposes and obligations.

166.    The Corporate Defendant is under-capitalized.  For instance, the Corporate Defendant frequently request the suppliers to provide the food and supplies by 60 day terms.

167.    The Corporate Defendant was so dominated by the Individual Defendants and primarily transacted the Individual Defendants' business rather than its own and was the

Individual Defendants' alter ego.  For instance, although Plaintiffs were paid by the Corporate

Defendants, the money of the payment was from the Individual Defendants' own funds when the

Corporate Defendants had to wait for the Individual Defendants to put money into the Corporate

Defendant's bank accounts.

168.    There is a lack of corporate formalities in the Corporate Defendant.  The

Corporate Defendant failed to issue stock, conduct election of directors, and keep corporate

records, and maintain separate books and records.

169.    The Corporate Defendant failed to file its own, independent, and meaningful tax

returns.  The Corporate Defendant deducted from its income the Individual Defendants' travel,

lodging, dining, and living expenses as the Corporate Defendant's business expenses.

170.    The Corporate Defendant is the Individual Defendants' "Alter Ego" and should be

disregarded.

171.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs, all

in an amount to be determined at trial.

### NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
### FOR SERVICE RENDERED

**TO**:    KEITH NG, GUOPING CHEN and KONGPING CHEN:

**PLEASE TAKE NOTICE** that, pursuant to the provisions of Section 630 of the

Business Corporation Law of New York, you are hereby notified that Plaintiffs ZEXIN ZHANG

and YUNJIE LI, *individually and on behalf of all others similarly situated,* intend to charge you

and hold you personally liable, jointly and severally, as one of the ten largest shareholders of

LAN XUAN CORP. for all debts, wages, and/or salaries due and owing to them as laborers,

servants and/or employees of the said corporations for services performed by them or the said

corporation within the six (6) years preceding the date of this notice and have expressly

authorized the undersigned, as their attorneys, to make this demand on their behalf.

### DEMAND TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO
### SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

**TO**:    LAN XUAN CORP. d/b/a OUR PLACE CHINA CHALET:

**PLEASE TAKE NOTICE** that, pursuant to the provisions of Section 624 of the

Business Corporation Law of New York, you are hereby notified that Plaintiffs ZEXIN ZHANG

and YUNJIE LI, *individually and on behalf of all others similarly situated,* hereby demand to

examine, in person or by agent or attorney, during usual business hours, the minutes of the

proceedings of the shareholders and records of shareholders of the above corporations and to

make extracts there from on or after five (5) days from receipt of this notice, in connection with

Plaintiffs ZEXIN ZHANG and YUNJIE LI's intention to enforce shareholder liability pursuant

to the provisions of Section 630 of the Business Corporation Law of New York.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs and Collective Action Members respectfully pray for relief as follows:

(a)    Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been employed by Defendants as non-exempt tipped or non-tipped employees.  Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

(b)    Certifying this case as a collective action pursuant to the FLSA;

(c)    Issuing a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them assert timely the FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C.  216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

(d)    Granting a declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

(e)    Under the <u>Count 1</u>, awarding the amount of any such underpayments of the minimum wages and the equal amount of such underpayments of the minimum wages in the form of the liquidated damages pursuant to the FLSA;

(f)    Under the <u>Count 2</u>, awarding the amount of any such underpayments of the minimum wages and the liquidated damages and civil penalties pursuant to the

NYLL § 663(1), and the New York Wage Theft Prevention Act, plus the prejudgment interest thereon;

(g)     Under the <u>Count 3</u>, awarding the amount of any such underpayments of the overtime wages and the equal amount of such underpayments of the overtime wages in the form of the liquidated damages pursuant to the FLSA;

(h)     Under the <u>Count 4</u>, awarding the amount of any such underpayments of the overtime wages and the liquidated damages and civil penalties pursuant to the NYLL § 663(1), and the New York Wage Theft Prevention Act, plus the prejudgment interest thereon;

(i)     Under the <u>Count 5</u>, awarding the amount of any such portions of the illegal pay deductions and deductions from gratuities and the liquidated damages and civil penalties pursuant to NYLL § 663(1), and the New York Wage Theft Prevention Act, plus the prejudgment interest thereon;

(j)     Under the <u>Count 6</u>, awarding the amount of any such underpayments of the "Spread of Hours" wages and the liquidated damages and civil penalties pursuant to NYLL § 663(1), and the New York Wage Theft Prevention Act, plus the prejudgment interest thereon;

(k)     Under the <u>Count 7</u>, awarding the amount of the liquidated damages begin to accrue as of April 9, 2011 that would amount to $150.00 ($50.00 for the failure to provide a weekly pay stub and $100.00 for the failure to provide the notice of pay at the time of hire or thereafter) for each week in which each form of violation occurred or continued, up to a combined total of $5,000.00 per plaintiff, or effective February 27, 2015, that would amount to $300.00 per day (daily awards

of $50.00 per day for the failure to provide a pay stub and $250.00 per day for the failure to provide the notice of pay at the time of hire or thereafter), with respective ceilings of $5,000.00 each, for a total maximum of $10,000.00, plus the prejudgment interest thereon;

(l)    Under the <u>Count 8</u>, awarding the amount of the "out-of-pocket" costs and expenses in connection with the Plaintiffs' purchasing, maintaining, repairing and keeping their bicycles / electric bicycles or any other trade tools in working conditions for the sole benefit of the Defendants;

(m)    Under the <u>Count 9</u>, tolling the Statute of Limitations;

(n)    Under the <u>Count 10</u>, piercing the corporate veil of the Corporate Defendant, LAN XUAN CORP. d/b/a OUR PLACE CHINA CHALET, finding the Corporate Defendant is the Individual Defendants KEITH NG, GUOPING CHEN and KONG PING CHEN's "alter ego" and should be disregarded, and holding the Individual Defendants personally liable to the Plaintiffs and the Collective Action Members for the Defendants' violation of the Plaintiffs' rights under the FLSA and NYLL;

(o)    Awarding prejudgment and post-judgment interest;

(p)    Awarding costs, disbursements, and expenses of this action together with reasonable attorneys' fees and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198, 663;

(q)    Automatically increasing the total amount of judgment by fifteen percent, as required by the NYLL § 198(4) in the event that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety

days after expiration of the time to appeal and non appeal is then pending, whichever is later; and

(r)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs and

Collective Action Members demands trial by Jury on all issues.

Dated: Flushing, New York
       November 3, 2017

Respectfully submitted,

**LAW OFFICES OF DAVID YAN**

By:    /s/ David Yan/
       David Yan (DY2343)
       Law Offices of David Yan
       136-20 38th Avenue, Suite 11E
       Flushing, New York 11354
       Tel:  (718) 888-7788

*Attorney for Plaintiffs*

# Exhibit A
# Consent to Sue

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
— — — — — — — — — — — — — — — — — — — — — — — — — — X   Case No.:
Ze Xin ZHANG and Yunjie LI, individually and on          Date Filed:
behalf of all others similarly situated,

                            Plaintiffs,          **COMPLAINT**
                                                   **FLSA COLLECTIVE ACTION**
              v.

KEITH NG, GUOPING CHEN and KONG PING
CHEN, as shareholders and corporate officers, and          ECF
LAN XUAN CORP. d/b/a OUR PLACE CHINA
CHALET

                        Defendants.          JURY TRIAL DEMANDED
— — — — — — — — — — — — — — — — — — — — — — — — — — X

**CONSENT TO SUE**

      By my signature below, I hereby authorize the filing and prosecution of the above-styled

Fair Labor Standards Act ("FLSA") action under Section 216(b) of the FLSA and agree to act as

a representative of others similarly situated and to make decisions on my behalf and on behalf of

others similarly situated concerning the litigating, the method and manner of conduction this

litigation, and all other matters pertaining to this lawsuit.

DATE:  October 30, 2017

NAME:  Ze Xin ZHANG

ADDRESS:    c/o Law Offices of David Yan
               136-20  38th Avenue, Suite 11E
               Flushing, NY 11354

PHONE:  c/o Law Offices of David Yan, (718) 888-7788

SIGNATURE  _ZE XIN ZHANG_____

TO:    Law Offices of David Yan
       136-20  38th Avenue, Suite 11E
       Flushing, NY 11354

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X   Case No.:
Ze Xin ZHANG and Yunjie LI, individually and on      Date Filed:
behalf of all others similarly situated,

                                    Plaintiffs,          **COMPLAINT**
                v.                                       **FLSA COLLECTIVE ACTION**

KEITH NG, GUOPING CHEN and KONG PING
CHEN, as shareholders and corporate officers, and       ECF
LAN XUAN CORP. d/b/a OUR PLACE CHINA
CHALET
                                                         JURY TRIAL DEMANDED
                                    Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of the above-styled

Fair Labor Standards Act ("FLSA") action under Section 216(b) of the FLSA and agree to act as

a representative of others similarly situated and to make decisions on my behalf and on behalf of

others similarly situated concerning the litigating, the method and manner of conduction this

litigation, and all other matters pertaining to this lawsuit.

DATE:  October 30, 2017

NAME:  Yunjie LI

ADDRESS:    c/o Law Offices of David Yan
            136-20 38th Avenue, Suite 11E
            Flushing, NY 11354

PHONE: c/o Law Offices of David Yan, (718) 888-7788

SIGNATURE  _Li Yun Jie_____


TO:    Law Offices of David Yan
       136-20 38th Avenue, Suite 11E
       Flushing, NY 11354