# LAW OFFICES OF DAVID YAN
## ATTORNEY AT LAW

Members of NY & PA Bars                                    Direct Dial:  (718) 888-7788
                                                           Email:  davidyanlawoffice@gmail.com

February 12, 2020

**VIA CM/ECF**

Honorable Debra C. Freeman
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, NY 10007
Tel.:  (212) 805-4650

          RE:    *Zexin Zhang, et al. v. Keith Ng, et al.,* 1:17-cv-08549-PGG-DCF
                 Motion for Settlement Approval

Dear Honorable Debra Freeman:

I represent Plaintiffs in this case.

Plaintiffs, ZEXIN ZHANG and YUNJIE LI, ("**Plaintiffs**"), and Defendants KEITH NG, GUOPING CHEN, KONGPING CHEN, and LAN XUAN CORP. d/b/a OUR PLACE CHINA CHALET (collectively "**Defendants**") respectfully request that the Court approve the settlement reached in this matter pursuant to *Cheeks v. Freeport Pancake House,* 796 F.3d 199, 206 (2d Cir. 2015).  A copy of the fully executed settlement agreement is annexed hereto as <u>Exhibit A</u>.

Both parties believe that the settlement amount is fair and reasonable.  This action was originally brought by Plaintiff for, among other things, alleged minimum wage and overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 650 *et seq.,* 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR"), the Wage Theft Prevention Act, and the orders of the New York Commissioner of Labor ("spread of hours order" and "overtime wage order" respectively codified at 12 N.Y.C.R.R. §§ 142-2.2, 2.4).

Plaintiffs alleged that they were employed by Defendants at their restaurant located at 242 East 79th Street, New York, NY 10075 from approximately January 2011 through May 2017 as deliverymen.  Plaintiffs allege that Defendants paid them a fixed monthly wages regardless of the actual hours worked.  If Plaintiffs were to prevail on all of their claims, including minimum wages and overtime, costs for delivery vehicles, exclusive of liquidated damages, attorney's fees and costs, and prejudgment interest, would amount to approximately $170,879.52. Plaintiff is confident that they will be able to prove their allegations through witness testimonies and documentary evidence.

On the other hand, Defendants deny all of Plaintiff's allegations in their Answer. Defendants denied Plaintiff was underpaid minimum wages and overtime and costs for delivery vehicles. If Defendants were to prevail on all of their defenses, the amount of damages owed to Plaintiffs would be $62,002.00 (Rule 68 Offer of Judgment).

The gross settlement amount is $120,000.00, inclusive of attorneys' fees, costs and expenses of Plaintiff's counsel. This reflects a reasonable compromise between the Parties' dispute over Defendants' alleged wage and hour violations, and this amount considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the Parties' attorneys with the help of Honorable Debra Freeman and the parties agree that the settlement is fair and reasonable.

Plaintiffs' best day, surviving dispositive motions, trial and a possible appeal, that amount would far exceed the settlement. Nonetheless, the attendant risk of continued litigation renders this settlement reasonable. As the Parties' recognized, Plaintiffs' best recovery can only be attained by continued litigation and after a favorable result from each of the remaining stages of litigation. At this point, the fact is that Plaintiffs have not yet established that the time they seek compensation for is in fact compensable. As noted before, Plaintiffs assert several different theories of liability. Even if they are successful in establishing one theory, they will not necessarily be successful on the remaining theories. This alone will impact their best possible recovery. Thus, as is apparent to this Court and as recognized by Plaintiffs' counsel, there are risks to not only establishing liability, but also to establishing damages if liability is established. A $120,000.00 settlement appears reasonable in light of all the attendant risks of proceeding.

Moreover, Plaintiffs are incentivized to settle because Defendants are willing to provide a Confession of Judgment so that Plaintiffs are sure that they will be paid of the judgment, instead of spending time and energy to collect upon the judgment.

## **FLSA Settlement Approval**

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal

issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336. (Citations omitted.)

Here, the settlement amount represents a fair comprise considering Plaintiff's recovery ranges from $62,002.00 to $170,879.52. The settlement in the sum of $120,000.00 reflects a fair and reasonable compromise of disputed issues rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co.*, 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted).

In light of the uncertainties associated with establishing liability, as well as Plaintiffs' desire to avoid future legal proceedings, the settlement amount reached here is reasonable. *Cf., e.g., Beckert v. Ronirubinov,* 2015 U.S. Dist. LEXIS 167052, at *4 (S.D.N.Y. Dec. 14, 2015) (holding that a settlement of approximately 25% of the amount initially sought was a "substantial proportion of the maximum possible recovery" and fair, especially in light of the risks associated with litigation)*;Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc.*, 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (holding that the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation").

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *See, e.g.*, *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). Here, counsels for both parties are experienced litigators who focus their practices primarily on employment law issues. The settlement was reached after intensive negotiations during the Court's moderated settlement conference. Parties exchanged multiple demands and offers of settlement before settling on the terms of this proposed settlement. Moreover, prior to entering into the settlement agreement, Plaintiffs thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsels for all parties that the terms were a fair and reasonable assessment of their respective risks.

Other factors present do not weigh against a settlement. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Plaintiffs are no longer employed by Defendants so there is no likelihood that Plaintiffs' circumstances will recur. Additionally, this case presents no novel questions of law that would benefit future litigants from extensive litigation.

### Attorney's Fees and Costs and Expenses

The Settlement Agreement provides for costs and expenses. Plaintiff's counsel has incurred costs in the sum of $1,183.80 as follows: (1) $400.00 to pay for the index fees for commencing the instant action; (2) $100.00 to pay for the processor's service fees, (3) $483.80 for the deposition transcript, and (4) $200.00 for the interpreter's service fees in the settlement conference.

The Settlement Agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff, we will retain one third (1/3) of the remaining settlement amount as attorneys' fees. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of one third (1/3) on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks,* wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.,* 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC,* 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as one-third is standard practice in FLSA claims, it is a fair number for this matter as well.

While the Second Circuit's ruling in Cheeks did not outline the factors for approving a settlement, certain red-flag issues were identified, such as the inclusion of confidentiality provisions, general releases, and attorneys' contingency fees in excess of 40%. *See id.* at 206. This Agreement contains no such red flags. Moreover, since the *Cheeks* decision, many courts have recognized the "percentage of the fund" method as an appropriate means by which to compensation plaintiff's attorneys in FLSA settlements. *See Velasquez v. Digital Page*, No. 11 Civ. 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016) (applying one-third of percentage of fund method in approving settlement); *see also Hiang v. Chiang*, No. 16 Civ. 1129, 2016 U.S. Dist. LEXIS 142670, at *7-8 (S.D.N.Y. Oct. 14, 2016) (awarding attorneys' fees of one-third of settlement amount in FLSA case); *Chauca v. Abitino 's Pizza 49th St. Corp*., No. 15 Civ. 6278, 2016 U.S. Dist. LEXIS 86206, at *6 (S.D.N.Y. June 29, 2016) (awarding attorneys' fees in amount of one third of gross settlement); *Meza v. 317 Amsterdam Corp*., No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (when using the "percentage of the fund" approach, "courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one third of the FLSA settlement amount); *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) ("a fee that is one-third of the fund is typical" in FLSA cases).

TO: CHAMBER OF HONORABLE DEBRA FREEMAN
CASE: *ZEXIN ZHANG, ET AL. V. KEITH NG, ET AL., 1:17-CV-08549-PGG-DCF*
RE: MOTION FOR SETTLEMENT APPROVAL
DATE: FEBRUARY 12, 2020

**WHEREFORE,** the Parties request that the Court approve the Settlement Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Settlement Agreement.

We thank the Court for its continued attention to this matter.

Respectfully submitted,


/s/David Yan
David Yan




cc.  Steven M. Warshawsky, Esq., defense counsel, via CM/ECF